IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02877-PAB

ADAM ISLER,

    Applicant,

v.

JULIE WANDS, Warden,

    Respondent.

---

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

---

    This matter is before the Court on Applicant Adam Isler's *pro se* amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 4], filed on November 22, 2011.  Respondent has filed a Response to Order to Show Cause [Docket No. 19].  Applicant did not file a Traverse.  Having considered the Application, the Court concludes that it should be denied.

**I. BACKGROUND**

    Mr. Isler was arrested by federal authorities on February 14, 2003 and was released on bond on June 25, 2003.  Declaration of Alan Ray [Docket No. 19-1] at ¶¶ 6-7 and attach. 1.  Applicant was later arrested by New Mexico state authorities on charges unrelated to the present Application.  Docket No. 19-1, at ¶ 8.  On July 19, 2004, while Applicant was in New Mexico state custody, the United States Marshals Service took Applicant into temporary federal custody pursuant to a writ of habeas corpus *ad prosequendum*.  *Id.* and attach. 1.  On September 24, 2004, Applicant

appeared in the United States District Court for the District of New Mexico in Case No. 03-CR-01207-001LH and pled guilty to possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871, and fraud related activity in connection with identification documents, in violation of 18 U.S.C. § 1028. Docket No. 19-1, at ¶ 9, and attachs. 1 and 2. The court sentenced Applicant to a prison term of 41 months. *Id.* Applicant was returned to the custody of the New Mexico Department of Corrections on October 7, 2004. Docket No. 19-1, at ¶ 10, and attach. 1.

On April 27, 2005, Applicant pled guilty to receiving or transferring a stolen vehicle, auto burglary, and escape from jail in the Second Judicial District of New Mexico ("state court"), Case No. 2002-04198. Docket No. 19-1, at ¶ 11, and attach. 3; Docket No. 4, at Ex. A. The state court sentenced Applicant to a total term of imprisonment of 18 months, to run concurrent with the 41-month federal sentence Application received in September 2004. Docket No. 4, Ex. A.

On October 21, 2005, Applicant was released from New Mexico state custody on parole and taken into federal custody to complete his 41-month federal sentence. Docket No. 19-1, at ¶12, and attachs. 1 and 3. Applicant completed his federal sentence on June 1, 2008, via good time conduct release. *Id.* at ¶ 13, and attach. 4.

The Court takes judicial notice that on March 21, 2007 Applicant appeared in the United States District Court for the District of New Mexico in *United States v. Isler*, Case No. 06-CR-2096-001JP ("the sentencing court"), on drug conspiracy and weapons charges.[1] Applicant was ordered detained pending trial. *Id.*, at Docket No. 24. On

---

[1]*See* www.pcl.uscourts.gov. The court may take judicial notice of its own records as well as those of other courts. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins.*

January 28, 2008, Applicant pled guilty to an Information charging him with conspiracy to manufacture fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B), and § 846, and possession of a firearm to facilitate a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), based on conduct that occurred in June 2004.  *Id.*, Docket Nos. 90, 99.  On July 17, 2008, Applicant was sentenced to a 144-month prison term to run concurrently with the 41-month federal sentence imposed in September 2004.  Docket No. 19-1, at ¶ 14, and attach. 5.

The Bureau of Prisons has calculated Applicant's federal sentence in Case No. 06-CR-2096-001JP to have commenced on July 17, 2008.  Docket No. 19-1, at ¶ 15, and attach. 6.  The Bureau of Prisons awarded Applicant presentence custody credit for the time period between June 2, 2008 (the day after he completed his 41-month federal sentence) and July 16, 2008 (the day prior to being sentenced to the 144-month prison term), for a total of forty-five days credit.  *Id.*  Applicant has a projected release date of December 8, 2018, via good time conduct release.  Docket No. 19-1, attach. 6.

**II. APPLICATION**

Applicant initiated this action by filing a *pro se* 28 U.S.C. § 2241 Application on November 4, 2011.  Docket No. 1.  After being ordered to file a preliminary response, Respondent informed the Court that she would not raise the affirmative defense of exhaustion of administrative remedies.  Docket No. 15.  The case was drawn to a district judge and a magistrate judge on January 10, 2012.

---

*Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979).

Mr. Isler seeks a *nunc pro tunc* designation from the Bureau of Prisons, pursuant to 18 U.S.C. § 3621(b), in order to receive credit for the 18-month state sentence that he says should have been run concurrent to his 41-month federal sentence. Docket No. 4, at 6. He further asserts that his 41-month sentence must be credited against his current 144-month sentence. *Id.* at 7. Applicant argues that he is entitled to 59 months of sentencing credit because the state court ordered his 18-month state sentence to run concurrently with his 41-month federal sentence, and the sentencing court ordered his 144-month sentence to run concurrently with his forty-one-month sentence. *Id.* at 6-7. In support of this contention, Applicant attaches a copy of the May 17, 2005 Judgment, Sentence and Commitment entered in the Second Judicial District, County of Bernalillo, New Mexico in Criminal Case No. 2002-04198. Docket No. 4, Ex. A, at 10-11 . Applicant also attaches a copy of the transcript of the sentencing hearing in United States District Court for the District of New Mexico, Case No. 06-CR-2096-001JP. Docket No. 4, Ex. 2, at 15-28. Mr. Isler maintains that "[a]fter two (2) concurrent sentences weren't honored by the Bureau of Prisons, I am now serving a total sentence of 203 months rather than the 144 months intended by all courts involved." Docket No. 4 at 7.

### III. LEGAL STANDARD

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant

to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). Here, Applicant correctly filed the Application challenging the computation of his federal sentence in the District of Colorado, where he was incarcerated at the time of initial filing.

The Court must construe a *pro se* litigant's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Court should not be the pro se litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

**IV. ANALYSIS**

Mr. Isler asserts that he should receive an 18-month credit against his 41-month federal sentence for time spent in state custody because the state court judgment provided that his state sentence was to run concurrently with his federal sentence. Applicant further argues that because the sentencing court imposed a 144-month

sentence to run concurrently with his 41-month federal sentence, he is entitled to an additional 41-month credit against his current sentence.

## A. Concurrent Service of State and Federal Sentences

Applicant argues that the BOP should have designated his state facility *nunc pro tunc* for service of his 41-month federal sentence because the state court ordered the sentences to run concurrently.

When reviewing the computation of a federal prison sentence, a court must first "determine the commencement date of the federal sentence[.]" *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006); 18 U.S.C. § 3585(a). It is undisputed that Applicant's 41-month sentence commenced on October 21, 2005, when he was taken into federal custody for service of his federal sentence. *See* 18 U.S.C. § 3585(a) (stating that a federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" designated by the Bureau of Prisons); *see also* Docket No. 19-1, attach. 4.

The federal district court did not specify that Applicant's 41-month sentence should run concurrently with any state sentence that would result from pending state criminal charges. There is a statutory presumption that Mr. Newman's 41-month sentence ran consecutively to his state court sentence. *See* 18 U.S.C. § 3584(a). Section § 3584(a) of Title 18, United States Code, states, in relevant part:

> Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

*Id.*

"The plain meaning of this provision is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently." *United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995); *see also United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) ("[T]he presumption of concurrent sentences affects only sentences 'imposed at the same time'") (referencing *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005)) (§ 3584(a) does not apply when a state sentence is imposed after the imposition of a federal sentence).

Although Tenth Circuit precedent is not entirely clear on this issue, at least one published decision has recognized a district court's authority to impose a sentence that will run consecutively or concurrently with a state sentence not yet imposed. *See Williams*, 46 F.3d at 59 ("We find no language in section 3584(a) prohibiting a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed."); *see also United States v. Crawford*, No. 06-5203, 217 F. App'x 774, 776 (10th Cir. Feb. 21, 2007) (unpublished) (under *Williams*, the district court had the authority to order Mr. Crawford's sentence to run concurrently with the sentences he was to receive in state court."); *but cf. Miller*, 594 F.3d at 1242 (observing that, because the petitioner "received his federal sentence before his state sentence, . . .neither court could order concurrent sentencing," citing *Abdul-Malik*, 403 F.3d at 75). Furthermore, the Supreme Court held recently in *Setser v. United States*, --- U.S. ----, 132 S. Ct. 1463 (2012), that a district court has discretion to order a federal sentence to run consecutively with an anticipated state sentence that has not yet been imposed.

The Court also recognized that a federal sentencing court has inherent discretion to decide whether the sentences it imposes will run concurrently with respect to an anticipated state court sentence. *Id.* at 1468. Presumably, the federal district court was aware of its discretionary authority to impose concurrent sentencing at the time it ordered the 41-month sentence, but declined to exercise that authority.

Mr. Isler's reliance on the state court judgment is misplaced because "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently." *Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3d Cir. 1990) (citing U.S. Const. art. VI, cl. 2); *see also Abdul-Malik*, 403 F.3d at 75 (state court determination of concurrent state and federal sentences is not binding on federal authorities); *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007) (same).

Applicant cites the Third Circuit Court of Appeals' decision in *Barden v. Keohane* in support of his request for a *nunc pro tunc* designation. In *Barden*, the Third Circuit recognized that the BOP has the statutory authority to designate *nunc pro tunc* a prisoner's state facility as the place of confinement for his federal sentence where the petitioner asserts that the designation is necessary to carry out the intention of the state sentencing court that his state sentence be served concurrently with his existing federal sentence and the federal judgment is silent as to whether the federal sentence would run consecutive or concurrent to any future state sentence. *Id.* at 477-78 (citing 18 U.S.C. § 3621(b), which affords the BOP wide discretion to designate an inmate's place of confinement). The *Barden* court held that "the federal authorities have an obligation,

*on the peculiar facts before us*, to look at Barden's case and exercise the discretion the applicable statute grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*." *Id*. at 478 (emphasis added)[2]

*Barden* does not afford Mr. Isler a ground for relief because the facts of his case are distinguishable. Applicant had completed his 41-month sentence at the time he requested the *nunc pro tunc* designation. According to the BOP's records, which are unrefuted, Applicant was scheduled to be released from his 41-month sentence via good conduct time credit on June 1, 2008. Although he remained incarcerated pursuant to a pretrial detention order in Case No. 06-CR-02096-001JP, the 41-month sentence imposed in Case No. 03-CR-01207-001LH was discharged. As such, Applicant's request that his state facility be designated *nunc pro tunc* for service of his 41-month sentence is moot. *Aragon v. Shanks*, 144 F.3d 690 (10th Cir. 1998) (claim challenging constitutionality of state's application of certain good time credits to his term of incarceration was moot where petitioner's term of incarceration was completed on appeal and favorable decision would not reduce his probationary period); *see generally Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) (once a convict's sentence has expired, any challenge to the conviction or sentence is generally moot). The Court finds that the BOP correctly determined that Applicant was not eligible for a *nunc pro tunc* designation. *See* Docket No. 4 at 36 (response to administrative remedy request).

---

[2]The Court of Appeals for the Tenth Circuit has not expressly adopted *Barden*. *See United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

**B.  Concurrent Service of Federal Sentences**

Applicant further claims that the BOP must credit his current sentence with 41 months that he served on his prior federal case because the sentencing court ordered the federal sentences to run concurrently.

Applicant's current sentence commenced on July 17, 2008, the date the sentencing court imposed his sentence.  Docket No. 19-1, at ¶ 15 and attach. 6.  As discussed above, he was discharged from his 41-month sentence on June 1, 2008.

It is well established that "a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).  Moreover, "[a] district court . . . does not have the authority to impose a sentence to be served concurrently with a discharged sentence."  *See U.S. v. Fay*, 547 F.3d 1231, 1236 (10th Cir. 2008) (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir.1998) ("Congress [in § 3584(a)] did not intend to allow the court to make a new prison term run concurrently with a prison term that has already been completed.").  Accordingly the sentencing court had no authority to impose a sentence concurrent to Applicant's previously completed federal sentence.  The Court finds that the BOP correctly determined that concurrent service of his 41-month and 144-month federal sentences was "not possible."  Docket No. 4, at 36 (response to administrative remedy request).

Mr. Isler received full credit from the state and federal authorities for his 18-month and 41-month sentences, as evidenced by Bureau of Prisons' records indicating that both of those sentences were discharged.  *See* Docket 19-1, at attachs. 3 and  4.

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences. . . *that has not been credited against another sentence*." (Emphasis added).  Because Applicant has received full credit for his prior custody, he is not entitled to additional sentencing credit against his current sentence.  *See United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time."). The Court notes that Mr. Isler has properly received credit against his current sentence for the time he spent in pre-trial detention in Case No. 06-CR-02096-001JP, after his 41-month sentence was discharged on June 1, 2008, and up to the time of sentencing, on July 17, 2008.  Docket No. 19-1, attach. 6.

The Court concludes that Mr. Isler's claims do not warrant relief under 28 U.S.C. § 2241.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

**V.  ORDER**

Accordingly, it is

-
-

ORDERED that Applicant Adam Isler's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 4], is denied and this action is dismissed with prejudice. It is further

ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED May 9, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge